IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ASTRID CARON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>U.S. LAND PROFESSIONALS, INC.<br><br>Defendant. | CASE NO.<br><br><br><br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Astrid Colon, by and through counsel, for her Complaint against Defendant U.S. Land Professionals, Inc., states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this District and Division and because Defendant maintains its principal place of business in this District and Division.

1

## PARTIES

5. Plaintiff is an adult individual and resident of North Canton, Ohio.

6. Defendant employed Plaintiff within the three years preceding the filing of this Action.

7. At all relevant times, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

8. Defendant is a for-profit corporation organized under the laws of Florida maintaining its principal place of business in Denver, Colorado. Defendant can be served through its statutory agent: Richard Coleman, 841 Oak Dr., Durango, CO 81301.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written Consent to Join this Action is attached hereto.

## FACTUAL ALLEGATIONS
### Defendant's Misclassification of its Workforce and Failure to Pay Overtime

13. Defendant is a "full-service right-of way acquisition and permitting company serving the energy industry." *See* http://www.uslandprofessionals.com/.

14. Defendant employs Right-of-Way Agents to provide Right-of-Way acquisition services to Defendant's customers. Defendant states that it "recruits, hires, trains, manages, and provides" permitting agents to its customers. *See* http://www.uslandprofessionals.com/about-u-s-land-professionals/.

15. On or about May 15, 2019, Plaintiff was hired by Defendant as a Right-of-Way Agent to provide right of way acquisition services to Defendant's customer in connection with a project taking place in North Dakota.

16. Although Defendant classified Plaintiff and other similarly situated employees as independent contractors, the economic reality was that Plaintiff and others similarly situated were employees of Defendant.

17. As Defendant describes itself as a "right of way acquisition" company, the duties performed by Plaintiff and other similarly situated employees were an integral part of Defendant's business.

18. Defendant prescribed the dates and times that Plaintiff and similarly situated employees would work. For example, Defendant directed Plaintiff to work between the hours of 8 AM and 5 PM six days per week, and often required Plaintiff to work outside of these initially stated hours.

19. Defendant assigned a supervisor to direct Plaintiff's daily tasks and the tasks of other's similarly situated in the same manner that an employee would receive tasks from an employer.

20. Defendant also has the right to control the manner in which Plaintiff and other similarly situated employees perform their work by requiring them to follow Defendant's internal processes.

21. Defendant paid Plaintiff and other similarly situated employees on a daily flat-rate basis determined by the number of days the employee worked each week. Thus, Defendant did not pay Plaintiff and the similarly situated employees on a salary basis within the meaning of the FLSA. *See* 29 C.F.R § 541.602.

22. Similarly, as Defendant paid Plaintiff and those similarly situated based on the number days worked, Defendant did not pay Plaintiff and the similarly situated employees on a fee basis within the meaning of the FLSA. *See* 29 C.F.R. § 541.605(a) ("Payments based on the number of … days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.").

23. As Defendant improperly classified Plaintiff as independent contractors, and as Plaintiff and those similarly situated were not paid on a salary basis or a fee basis, Plaintiff and those similarly situated should have been classified as non-exempt employees within the meaning of the FLSA, thereby making them entitled one and one-half their regular rates of pay for hours worked in excess of 40 per week.

24. Defendant routinely required Plaintiff and similarly situated co-workers to work in excess of 40 hours per week. However, Defendant failed to pay Plaintiff and those similarly situated at the proper overtime rate for time worked over 40 hours per week.

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

26. Upon information and belief, Defendant failed to make, keep, and preserve records of the work performed by Plaintiff and other similarly situated employees. Therefore, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

28. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former employees of Defendant who were compensated on a daily flat-rate basis and who worked over 40 hours in at least one workweek in the three years preceding the date of the filing of this action to the present.**

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

30. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Violations of the FLSA)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek.

33. Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

34. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all

5

hours worked over forty (40) each workweek violated the FLSA. 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

35. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA. 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

36. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

37. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and any opt-in plaintiffs who join this case pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**Nilges Draher LLC**

*/s/ Christopher J. Lalak*
Christopher J. Lalak (0090079)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone: 216-230-2955
Email: clalak@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Christopher J. Lalak*
Counsel for Plaintiff